# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | MATTHEW F. KENNELLY | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1175 | **DATE** | March 19, 2008 |
| **CASE TITLE** | William H. Carr (#2007-0034970) vs. C/O Wiggins, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. However, this action is dismissed on preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a federal claim. The case is terminated. Plaintiff's motion for appointment of counsel [#4] is denied as moot. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to make deductions from Plaintiff's account and payments to the Clerk of Court as stated herein. The Clerk is directed to mail a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [**For further details see text below.**]                                                                 Docketing to mail notices.

# STATEMENT

     Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff sues two correctional officers and the Cook County Department of Corrections for negligence, alleging that he was sitting on top of a railing, lost his balance and fell backwards, hitting his head twice. Plaintiff contends that defendant C/O Wiggins, who was manning the tier at the time, and defendant C/O Sutton, who was patrolling the tier, did not tell him of the hazard of sitting on the railing, as allegedly required by Illinois Administrative Regulations. Plaintiff also claims that the officers placed him in further danger by having two other detainees hold his arms and walk him to the dispensary. Plaintiff claims that he suffers from severe head pains, black outs, and neck and back pain and seeks money damages.

     The Court finds that Plaintiff is unable to prepay the filing fee. The Court accordingly grants Plaintiff's motion for leave to proceed *in forma pauperis* and assesses an initial partial filing fee of $24.33 pursuant to 28 U.S.C. §1915(b)(1). The trust officer at Plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. Thereafter, the trust fund officer at the correctional facility where Plaintiff is confined is directed to collect monthly payments from Plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the account balance exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and **(CONTINUED)**

CLH

**STATEMENT (continued)**

shall clearly identify Plaintiff's name and the case number assigned to this action. This payment obligation will follow Plaintiff in the event of his transfer to another correctional facility.

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state an actionable federal claim as a matter of law. Specifically, plaintiff's allegations do not implicate even an arguable violation of his federal constitutional rights.

To be liable under 42 U.S.C. § 1983, a defendant must act under color of state law and violate a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). To prevail on a constitutional claim that he was injured by the conditions of his confinement, a plaintiff must show that jail officials were aware of "a substantial risk of serious injury" but failed to take appropriate steps to protect him. *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002). Negligence, even gross negligence, on the part of correctional officials is not sufficient for liability; their actions must be intentional or verge on the intentional. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

In this case, Plaintiff alleges that he lost his balance and fell off a railing. It is very unfortunate that Plaintiff was injured; however, his allegations do not implicate the federal Constitution. Though sitting on a railing ten feet above the floor certainly presents a possibility that an inmate might fall, Plaintiff's allegations do not suggest a substantial risk of serious harm or the deliberate indifference required to impose liability under the Fourteenth Amendment. At most, Plaintiff has alleged that jail officials were negligent, but as noted above, negligence is not enough to support a claim of deliberate indifference. *Daniels v. Williams*, 474 U.S. 327, 332 (1986); *Farmer*, 511 U.S. at 837. If plaintiff wishes to sue for negligence, he must file that suit in state court.

Plaintiff also appears to claim that defendants violated the Illinois Administrative Regulations by failing to warn him of the hazard of sitting on top of the railing. But even if the defendants violated the Illinois Administrative Regulations, §1983 provides a remedy for constitutional violations, not violations of state statutes and regulations. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003); *see also Archie v. City of Racine*, 847 F.2d 1211, 1216-17 (7th Cir. 1988).

For the foregoing reasons, the Court dismisses this action on the ground that plaintiff has failed to state a claim upon which relief may be granted in federal court.

Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."